UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RENAN E. LOPEZ-SANCHEZ,

    Plaintiff,

v.                                                                           CASE NO: 8:09-cv-442-T-23MAP

TIMOTHY BRYANT, et al.,

    Defendants.
_____/

## **O R D E R**

    Asserting subject matter jurisdiction pursuant to 28 U.S.C. § 1332, the defendant Timothy Bryant removes (Doc. 1) this action from the circuit court for Hillsborough County, Florida. The complaint (Doc. 2) alleges that the defendants negligently caused an automobile accident in which the plaintiff suffered injury.

    Pursuant to 28 U.S.C. § 1441, the defendant may remove any action over which a federal district court has original jurisdiction. The removing defendant bears the burden of establishing facts supporting federal jurisdiction. See Allen v. Toyota Motor Sales, U.S.A., Inc., 155 F. App'x 480, 481 (11th Cir. 2005). If the complaint seeks an indeterminate amount of damages, "the defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy" exceeds $75,000. Leonard v. Enterprise Rent-A-Car, 279 F.3d 967, 972 (11th Cir. 2002). The defendant must establish that diversity jurisdiction exists on the date of removal. Leonard, 279 F.3d at 972. The removal statute is construed narrowly

with any doubt resolved against removal.  <u>Diaz v. Sheppard</u>, 85 F.3d 1502, 1505 (11th Cir. 1996).

The complaint seeks damages in excess of $15,000. (Doc. 2, ¶ 1)  Bryant argues that the amount in controversy exceeds $75,000 because "the Plaintiff is alleged to have 'suffered bodily injury and resulting pain and suffering, disfigurement, disability, mental anguish, loss of capacity for the enjoyment of life, expenses of medical care, loss of earnings, loss of ability to earn money, and/or aggravation of a pre-existing condition.'"  (Doc. 1, ¶ 10)  The defendant's conclusory allegations continue:

> Taking into account all elements of Plaintiff's alleged damages, the amount in controversy therefore exceeds $75,000.  For example, based on the information available to Bryant, Plaintiff is seeking economic damages in excess of $15,000.  This does not even take into account the non-economic damages claimed by the Plaintiff, which only serves to increase the actual amount in controversy in this matter.

(Doc. 1, ¶ 12)  Although perhaps establishing that Bryant read the complaint before removal, this allegation wholly fails to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.  For support, Bryant cites <u>Eichhorn v. Home Depot, Inc.</u>, No. 07-61250-CIV, 2007 WL 2774247 (S.D. Fla. Sept. 24, 2007), a case which Bryant argues "held that similar allegations were sufficient to satisfy the defendant's burden" to establish the amount in controversy.  (Doc. 1, ¶ 11)  The complaint in <u>Eichhorn</u> contains similar allegations of damage, but the determination of the amount in controversy in <u>Eichhorn</u> (a premises-liability action) is irrelevant to the amount in controversy in this case.

In sum, despite lacking any direct knowledge of the value of the plaintiff's claims, Bryant removes based on his speculation that the amount in controversy exceeds

$75,000. It is "highly questionable whether a defendant could ever file a notice of removal on diversity grounds in a case such as [this one]—where the defendant, the party with the burden of proof, has only bare pleadings containing unspecified damages on which to base its notice—without seriously testing the limits of compliance with Rule 11." Lowery v. Alabama Power Co., 483 F.3d 1184, 1215 n.63 (11th Cir. 2007). The removal statute contemplates a stronger basis for jurisdiction than mere speculation. See Bradley v. Kelly Servs., Inc., 224 F. App'x 893, 895 (11th Cir. 2007).

Because Bryant fails to establish subject matter jurisdiction, this action is **REMANDED** to the circuit court for Hillsborough County, Florida. The Clerk is directed to (1) mail a certified copy of this order, pursuant to 28 U.S.C. § 1447(c), to the Clerk of the Circuit Court for Hillsborough County, Florida, (2) terminate any pending motion, and (3) close the case.

ORDERED in Tampa, Florida, on March 12, 2009.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

xc: Courtroom Deputy